UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kristin A. Madigan, also known as
Kristin A. Wick,

       Plaintiff,

v.                                                                    Civil No. 11-2667 (JNE/LIB)
                                                                      ORDER
Messerli & Kramer, P.A., a Minnesota
corporation and Zachary Schroeder,

       Defendants.

---

Michael J. Sheridan, Esq., Mansfield Tanick & Cohen, P.A., appeared for Plaintiff.

Jennifer M. Zwilling, Esq., Messerli & Kramer, P.A., appeared for Defendants.

---

This matter is before the Court on Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated on the record at the December 20, 2011 hearing and summarized here, the motion will be granted.

The Complaint alleges that Defendant Messerli & Kramer, through one of its agents, violated the Fair Debt Collection Practices Act (FDCPA) by making false statements during telephone calls with Plaintiff. Paragraph 13 of the Complaint alleges "On or about August 18, 2011, Plaintiff called Defendant Schroeder regarding the debt that Plaintiff allegedly owed to Wells Fargo. Defendant Schroeder threatened to 'summons [Plaintiff] to court for inconsistencies with payments.'" Plaintiff alleges that this violates multiple provisions of the FDCPA, including but not limited to, 15 U.S.C. §§ 1692a(2), 1692d, 1692e, 1692e(5), 1692e(10), 1692f, and 1692f(1). The only provision that could conceivably be triggered by the Paragraph 13 statement is § 1692e(5). § 1692e(5) prohibits a creditor from threatening to "take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). The Complaint makes

no reference to Defendants' intent; therefore, the appropriate inquiry is whether the action could legally be taken.

Defendants had a legal right under Minnesota and Federal law to issue a summons to collect the debt. Counsel for both parties assert that Defendants had a judgment against Plaintiff as of the August 18, 2011 telephone call. The Complaint, however, contains no such assertion. In the absence of a judgment, the legality of a summons is so clear as to require no discussion. The most generous reading of the Complaint is that the parties had a voluntary arrangement to satisfy a judgment and that Plaintiff had difficulty complying with the arrangement. But even with a judgment, as counsel for Plaintiff now acknowledges, a judgment creditor may issue a summons when a voluntary arrangement to pay falls through. A summons, again as counsel for Plaintiff candidly acknowledges, is a "summons to court." The threat to summons is not actionable. The question then, is whether the second clause of the alleged statement renders the threat to summons actionable under § 1692e(5). The clause, "for inconsistencies with payments," communicates the trigger for the summons. On its face, the statement communicates a threat to take an action that can—not cannot—be legally taken and provides an explanation for why the legal action is under contemplation. Plaintiff provides no authority for the proposition that § 1692e(5) is violated when a creditor states its intention to take an action that is legal, but provides a truncated explanation of why the action is planned.

Counsel for Plaintiff asserts that Plaintiff Madigan felt that the statement was intended as a threat to induce her to pay at a time when she would have great difficulty doing so. Paragraph 17 of the Complaint characterizes the threat as a "threat to sue." And paragraph 14 of the Complaint alleges "Plaintiff became confused, frustrated and angry by Defendant Schroeder's threat to take an illegal action." The propriety of a debt collector's statement is viewed through

the eyes of an unsophisticated consumer. *See, e.g.*, *Peters v. General Service Bureau, Inc.*, 277 F.3d 1051, 1055 (8th Cir. 2002); *Duffy v. Landberg*, 215 F.3d 871, 873 (8th Cir. 2000). But the unsophisticated consumer standard is objective and prevents liability for idiosyncratic interpretations of collection efforts. *Peters*, 277 F.3d at 1055. Here, the statement in paragraph 13 does not contain an illegal threat. Plaintiff's subjective interpretation of the statement does not make it illegal.

The Complaint, at paragraph 18, alleges that on August 25, 2011 Plaintiff Madigan again called and spoke with Schroeder. The Complaint states that Defendant Schroeder said: "[Defendant Messerli & Kramer] has a judgment against [Plaintiff] and will not accept any payments." The Complaint asserts that this statement violates 15 U.S.C. §§ 1692a(2), 1692d, 1692e, 1692e(5), 1692e(10), 1692f, and 1692f(1). Nothing in the Complaint supports that claim. The only statement of explanation for the asserted illegality of the paragraph 18 statement follows in paragraph 19. Paragraph 19 asserts: "Defendant Schroeder's statement was contrary to the Notice of Intent to Levy or Garnish Earnings that Defendant had previously sent to Plaintiff and the payment plan to which Defendant and Plaintiff had previously agreed." Even if the statement was contrary to the Notice of Intent to Levy or Garnish Earnings and subsequent agreed upon payment plan, the FDCPA does not require compliance with an informal arrangement. The Complaint acknowledges that Plaintiff's payments were "in varying amounts" and "depended upon the amount of her paycheck." Nothing in the Complaint suggests that Messerli & Kramer had agreed to accept payments in such haphazard amounts. But more importantly, it is not evident, and Plaintiff does not explain, how a statement that payments will *not* be accepted could be a false, deceptive, or misleading attempt to *collect* the debt.

The Complaint does not state a plausible claim for relief. By order on December 6, 2011, the Court cancelled a previously scheduled hearing on this motion in order to permit Plaintiff to seek to amend her Complaint. Plaintiff has explicitly disclaimed, and confirmed at the December hearing, any desire to amend her Complaint. In view of Plaintiff's response to the December 6th order, as well as the fact that it does not appear that a meritorious claim lurks beneath an inadequate Complaint, this action will be dismissed with prejudice.

Accordingly, IT IS ORDERED THAT: Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  December 23, 2011

 s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge